# EXHIBIT A

**Paparazzi Accessories, LLC**

**Confidential Information and Non-Competition Agreement**

In consideration of new or continued employment with Paparazzi Accessories, LLC, is a Utah Limited Liability Company, any of its subsidiaries, affiliates, predecessors, successors or assigns (together the "Company"), and for other consideration, the receipt and sufficiency of which are hereby acknowledged, I agree to the following:

1. **Confidential Information**
    a. **Company Information.** I agree at all times during the term of my employment and thereafter, to hold in strictest confidence, and not to use, except for the exclusive benefit of the Company, or to disclose to any person, firm or entity without written authorization of an authorized officer of the Company (other than myself), and Confidential Information of the Company. I understand that "Confidential Information" means any non-public information that relates to the actual or anticipated business or research and development of the Company, Company proprietary information, technical data, trade secrets or know-how, including but not limited to, research plan, research results, processes, designing, methods, compositions, employment procedures, business plans, marketing plans, product plans, products, services, suppliers, distributor or Consultant lists or data, and Consultants (including, but not limited to, Consultants of the Company on whom I call or with whom I become acquainted during the terms of my service on behalf of the Company), markets, software, specifications, inventions, operations, procedures, compilations or data, technology, designs, finances or other business information disclosed to me by the Company, either directly or indirectly in writing, orally, or by drawings or observation. I further understand that Confidential Information does not include any of the foregoing items that has been publicly known and made generally available through no wrongful act of mine or of others who were under confidentiality obligations as to the items or items involved.
    b. **Acknowledgements.** I acknowledge that during my employment with the Company, I will have access to Confidential Information, all of which shall be made accessible to me only in strict confidence; that unauthorized disclosure of Confidential Information will damage the Company's business; and that the restrictions contained in this agreement are reasonable and necessary for the protection of the Company's legitimate business interest.
    c. **Third Party Information.** I recognize that the Company has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on the Company's part to maintain the confidentiality of such information and to use it only for certain limited purposes. I agree to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any

      person, firm or corporation or to use it except as necessary in carrying out my work for the Company consistent with the Company's agreement with such third party.

   d. **Communication with Consultants.** I agree that at no time am I to disclose any of the above defined Confidential Information to any Consultants for the duration of my employment, and for an indefinite period of time after my employment. I also agree not to communicate with any Paparazzi Consultant regarding Paparazzi for a period of 12 months after my employment is terminated, at which point I still may not disclose any Confidential Information, nor attempt to solicit them to any Competing Company (including but not limited to any company which distributes using Independent Representatives, Consultants, or Distributors, or that may be considered part of the Direct Selling Industry, Multi-Level Marketing, or Network Marketing, or any other opportunity based company).

2. **Agreement Not to Compete**
    a. **Agreement.** I agree that during the course of my employment and for 12 months following the termination of my relationship with the Company (the "Noncompetition Period") for any reason, I will not, without prior written consent of the Company, (i) serve as a partner, employee, consultant, officer, director, manager, agent, associate, distributor, investor, or (ii) directly or indirectly, own, purchase, organize or take preparatory steps for the organization of, or (iii) build, design, finance, acquire, lease, operate, manage, invest in , work or consult for or otherwise affiliate myself with any business, (a) in competition with or otherwise similar to the Company's business at the time my relationship with the Company terminated or (b) competing in any other line of business that I knew or had reason to know that Company had formed an intention to enter. "In competition with or otherwise similar to the Company's business" included but is not limited to any company that manufactures jewelry or accessories, designs, is associated with fashion, party plan and network marketing companies which market heavily (or exclusively) to women or have more than 60% of their activity from women regardless of actual product or service offering.  This agreement is not limited by any geographic constraints as consultants are found throughout the world.
    b. **Acknowledgement.** I acknowledge that my fulfillment of the obligations contained in this Agreement is necessary to protect the Company's Confidential Information and to preserve the trade secrets, value and good will of the Company. I further acknowledge at the time, geographic and scope limitation of my obligation under subsection (a) above are reasonable, especially in the light of the Company's desire to protect its Confidential Information and trade secrets, and that I will not be precluded from gainful employment if I am obligated not to compete with the Company during and within the Territory as described above.
    c. **Equitable relief.**  I acknowledge that the Company's Confidential Information is unique and that breach of my agreement of confidentiality contained in the Agreement will cause irreparable damage to the Company that is difficult to quantify in monetary terms. Accordingly, I consent to the Company obtaining equitable or

      injunctive relief against any threatened or actual breach of the terms of this Agreement without posting a bond or other security and I hereby waive any right to argue that the Company has an adequate remedy at law.

    d. **At-Will Employment.** I understand and acknowledge that my employment with the Company is for an unspecified duration and constitutes "At-Will" Employment. I also understand that any representation to the contrary is unauthorized and not valid unless obtained in writing and signed by an officer of the company (other than myself). I acknowledge that this employment relationship may be terminated at any time, with or without good cause or for any or no cause, at the option either of the Company or myself, with or without notice.

3. **General Provisions**
   a. **Governing Law.** This Agreement will be governed by the laws of the state of Utah, without regard for conflicts of law principles. I hereby expressly consent to the exclusive personal jurisdiction of the state and federal courts located in Utah for any lawsuit filed there against me by the Company arising from the relating to this Agreement.
   b. **Severability.** If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect, and, with respect to the agreement not to compete, the court is hereby authorized to reduce the duration of such agreement as may be required so that in its reduced for the provision is enforceable to the fullest extent of the law.
   c. **Survival.** My obligations under this agreement shall survive the termination of my employment with the Company and shall thereafter be enforceable whether or not such termination is claimed or found to be wrongful or to constitute or result in a breach of any contract or of any other duty owed or claimed to be owed to me by the Company or any Company employee, agent, or contractor.
   d. **Successor.** This agreement will be binding upon my heirs, executors, administrators and other legal representatives and will be for the benefit of the Company, its successors, and its assigns.

4. **Acknowledgement.** I acknowledge and agree to each of the following items:
   a. I am executing this Agreement voluntarily and without any duress or undue influence by the Company or anyone else; and
   b. I have carefully read this agreement. I have asked any questions needed for me to understand the terms, consequences and binding effect of this Agreement and fully understand them; and
   c. I sought the advice of an attorney of my choice if I wanted before signing this Agreement.

5. **Remedies for Breach of Duty of Confidentiality.** I acknowledge that any violation of this Agreement will cause the Company immediate and irreparable harm and that the damages which the Company will suffer may be difficult or impossible to measure. Therefore, upon any actual or impending violation of this Agreement, the Company will be entitled to the

issuance of a restraining order, preliminary and permanent injunction, without bond, restraining or enjoining such violation by me or any entity or person acting in concert with me. This remedy will be in addition to, and not in limitation of, any other remedy which may otherwise be available to the Company. Moreover, if I breach, or threaten to commit a breach of my duty to maintain the confidentiality of the confidential information revealed by the Company, the following rights remedies, each of which rights and remedies will be in addition to, and no in lieu of , any other rights and remedies available to the Company at law or equity:

    a. <u>Specific Performance</u>. The right and remedy to have the duty of confidentiality specifically enforced by any court having equity jurisdiction, all without the need to post a bond or any other security, or to provide an adequate remedy, it being acknowledged and agreed that any such breach or threatened breach will cause irreparable injury to the Company and that monetary damages will not provide an adequate remedy to the Company; and

    b. <u>Accounting and Indemnification</u>. The right and remedy to require me;

i. to account for and pay over to the Company all compensation, profits, monies, accruals, increments or other benefits derived or received by me or by any associated party deriving such benefits as a result of any breach of the duty of confidentiality; and

ii. to indemnify the Company against any other losses, damages (including special and consequential damages), costs and expenses, including actual attorney's fees and course costs, which may be incurred by the Company and which result from, or arise out of, any breach or threatened breach of the duty of confidentiality.

Executed on this _____ day of _____, 20__

                                          EMPLOYEE SIGNATURE: _____

                                          EMPLOYEE NAME: _____