Douglas P. Farr (13208)
Jacob D. Barney (16777)
**BUCHALTER, P.C.**
111 South Main Street
Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 401-8625
dfarr@buchalter.com
jbarney@buchalter.com

*Attorneys for Plaintiff Paparazzi, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| **PAPARAZZI, LLC** d/b/a **PAPARAZZI ACCESSORIES, LLC**, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**MELISSA SORENSON**, an individual, **GERALDINE SOUZA**, an individual, **KYLEE ROBINETTE**, an individual, **MORGAN FERGUSON**, an individual, **JENNIFER DYER**, an individual, **JAIME ROBINSON**, an individual, **JENNIFER CARROL**, an individual, **KIMBERLY DREWRY**, an individual, and **JOHN AND JANE DOES I-X.**<br><br>Defendants. | **MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>Case No. 4:22-cv-00028-DN<br><br>District Judge David Nuffer |

Plaintiff Paparazzi, LLC d/b/a Paparazzi Accessories, LLC ("**Paparazzi**" or "**Plaintiff**"), by and through its undersigned counsel, hereby moves the Court for entry of an order granting

1

Plaintiff leave to file portions of Exhibit B attached to its Application for Temporary Restraining Order and Preliminary Injunction ("**TRO Motion**") under seal, pursuant to DUCivR 5-3(b)(2).

## RELIEF REQUESTED AND SUPPORTING GROUNDS

Plaintiff respectfully requests entry of an order classifying portions of Exhibit B to Plaintiff's TRO Motion as confidential and proprietary, and thus sealed, under the Court's Standard Protective Order, pursuant to DUCivR 26-2(a)(1). The aforementioned exhibit contains screen shots of communications between Defendants in a Facebook Messenger group chat ("**Group Chat**") about illegally obtained confidential Paparazzi business information. Defendant Melissa Sorenson ("**Sorenson**") illegally accessed a private Paparazzi database, stole confidential and proprietary information, and then shared that same confidential and proprietary information with the other defendants via several channels, including the Group Chat. Sorenson admits in the Group Chat that she improperly retained access to a corporate administration account, even though she acknowledges that Paparazzi revoked her access to its databases when Sorenson's employment with Paparazzi was terminated. (Verified Compl., at ¶ 31.) As part of her employment, Sorensen acknowledged and executed Paparazzi's Confidential Information and Non-Competition Agreement, in which she specifically agreed to never share protected information regarding Paparazzi operations, finances, client and consultant information, and the like. (Verified Compl., Exhibit A at 1.)

Because the disclosure of this non-public information is the very basis for Paparazzi's Complaint and TRO Motion in this case, Paparazzi's interest in keeping the information sealed and undisclosed to the public, outweighs any interest in disclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) ("[A]ccess to [documents] may be restricted when the public's right of access is outweighed by interests which favor nondisclosure."). As such, Plaintiff requests

that the portions of Exhibit B to the TRO motion which contain sensitive, confidential, or proprietary business information remain sealed. Plaintiff requests this protection indefinitely.

**DATED**: April 25, 2022.

**BUCHALTER, P.C.**

*/s/ Douglas P. Farr*
Douglas P. Farr
Jacob D. Barney
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that this 25th day of April, 2022, I caused the foregoing MOTION FOR LEAVE TO FILE UNDER SEAL to be filed through the Court's electronic filing system, which transmitted notice of such filing to all counsel of record.

*/s/ Douglas P. Farr*