THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PAPARAZZI, LLC d/b/a PAPARAZZI ACCESSORIES, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MELISSA SORENSON, GERALDINE SOUZA, KYLEE ROBINETTE, MORGAN FERGUSON, JENNIFER DYER, JAIME ROBINSON, JENNIFER CARROL, KIMBERLY DREWRY, and JANE and JOHN DOES I-X.<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Case No. 4:22-cv-00028-DN<br><br>District Judge David Nuffer |

　　　　Plaintiff Paparazzi, LLC ("Paparazzi") moved for a temporary restraining order and preliminary injunction[1] enjoining Defendants Melissa Sorenson ("Sorenson"), Geraldine Souza ("Souza"), Kylee Robinette, Morgan Ferguson, Jennifer Dyer, Jaime Robinson ("Robinson"), Jennifer Carrol, Kimberly Drewry and John and Jane Does I-X (collectively "Defendants") from further accessing, maintaining, using, or sharing any of Paparazzi's confidential business information. The parties' briefs, supporting declarations, and discovery materials have been carefully reviewed. A hearing was held by Zoom Tuesday May 10, 2022 ("Hearing"). All Defendants except Souza and Robinson were present and participated in the Hearing. Prior to the Hearing, Souza and Robinson participated in a conference call between Paparazzi's counsel and Defendants discussing this matter and received notice of the Hearing from Paparazzi's counsel

---

[1] Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction ("Plaintiff's Motion"), docket no. 3, filed April 25, 2022.

by email. Plaintiff's Motion was heard after notice to all Defendants. For the reasons set forth below, Plaintiff's Motion is GRANTED in part.

## BACKGROUND

Plaintiff Paparazzi is a fashion accessory wholesaler headquartered in St. George, Utah.[2] Paparazzi utilizes independent contractors to market and sell Paparazzi accessories. Paparazzi labels these independent salespersons "Consultants."[3] Defendant Sorenson is a former employee of Paparazzi who started working May 13, 2019 in the Paparazzi call center receiving calls from Consultants and handling back-office processing. The other named Defendants (Souza, Kylee Robinette, Morgan Ferguson, Jennifer Dyer, Robinson, Jennifer Carrol, and Kimberly Drewry, collectively the "Former Consultant Defendants") were all formerly Consultants of Paparazzi but those Consultant relationships have been terminated.

As part of her employment with Paparazzi, Defendant Sorenson agreed to a confidentiality and non-competition agreement on August 20, 2019.[4] The Confidentiality Agreement required Sorenson to keep Paparazzi's confidential information strictly confidential during her employment with Paparazzi and thereafter.[5] "Confidential Information" under the Paparazzi Confidentiality Agreement is broadly defined and includes non-public information that relates to the actual or anticipated business or research and development of the Company, company proprietary information, distributor or Consultant lists or data, compilations or data, finances, or other business information.[6]

---

[2] Plaintiff's Verified Complaint ("Complaint"), docket no. 2, filed April 25, 2022, at ¶ 12.

[3] *Id.*

[4] Complaint at ¶ 18; *see also* Paparazzi Accessories, LLC's Confidential Information and Non-Competition Agreement ("Confidentiality Agreement"), attached as Exhibit A to Plaintiff's Motion, at 1.

[5] Confidentiality Agreement at 1.

[6] *Id.*

On January 18, 2022 Sorenson was terminated by Paparazzi.[7] As part of the termination process, Sorenson lost access to Paparazzi's databases, her company email, and other programs owned and controlled by Paparazzi.[8] After termination, Sorenson retained access to a Paparazzi corporate administrative account ("Admin Account") which Paparazzi had not shut down.[9]

Shortly after being terminated by Paparazzi, Sorenson joined a private Facebook Messenger group chat called Papa Chat United ("Papa Group Chat").[10] The Former Consultant Defendants were also members of the Papa Group Chat.[11] Sorenson shared on the Papa Group Chat her continued ability to gain access to Paparazzi's networks and systems via the Admin Account.[12] Through the Papa Group Chat, some of the Former Consultant Defendants sought information, including Confidential Information, about Paparazzi from Sorenson. The Defendants also discussed information Sorenson would obtain through the Admin Account access. Sorenson shared Paparazzi Confidential Information that she obtained through her employment and via the Admin Account access in the Papa Group Chat and additionally by email with some of the Former Defendant Consultants. Confidential Information Sorenson obtained after direction from some of the Former Consultant Defendants included commission information about specific Consultants and other Paparazzi Confidential Information.

Around April 20, 2022, Paparazzi became aware that Defendants has access to Paparazzi's Confidential Information through Sorenson's access to the Admin Account. On or around April 23, 2022, Paparazzi terminated Sorenson's ability to access the Admin Account.

---

[7] Plaintiff's Motion at 7.

[8] *Id.* at 7-8.

[9] *Id.* at 8.

[10] *Id.* at 7.

[11] *Id.*

[12] *Id.* at 8.

Shortly thereafter, Paparazzi commenced this lawsuit on April 25, 2022 asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Sorenson and claims for injunctive relief, intentional interference with economic advantage, conspiracy, and violation of the Federal Fraud and Computer Abuse Act against all Defendants.[13] That same day, Paparazzi filed Plaintiff's Motion seeking a Temporary Restraining Order and Preliminary Injunction.[14]

## DISCUSSION

A Plaintiff seeking a temporary restraining order under Federal Rule of Civil Procedure 65 must demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood that Plaintiff will suffer irreparable harm without the preliminary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that the injunction is in the public interest.[15] However, a temporary restraining order is just that—temporary relief—and it does not represent an "adjudication on the ultimate merits."[16] "[T]he findings of fact and conclusions of law made by a court granting" preliminary relief are not dispositive or binding at trial on the merits."[17] This order analyzing Plaintiff's Motion and request for injunctive relief is based on the parties' submitted documents and proffers presented by the parties at the Hearing. Each of the elements for a temporary restraining order will be addressed in turn.

---

[13] *See generally* Complaint.

[14] *See generally* Plaintiff's Motion.

[15] *Ophir-Spiricon, LLC v. Mooney*, 2011 WL 5881766, *1 (D. Utah Nov. 23, 2011).

[16] *See Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1423 (9th Cir. 1984).

[17] *U. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Sierra On–Line*, 739 F.2d at 1423.

**Paparazzi Has Shown A Substantial Likelihood of Success on the Merits**

After reviewing Paparazzi's arguments in its briefing and at the Hearing, as well as Defendants' responses, Paparazzi has shown a substantial likelihood it will succeed on the merits of its breach of contract claim which provides the basis for preliminary injunctive relief in the form of a temporary restraining order. The merits-based arguments will not be analyzed for each of Paparazzi's other claims because for each of the other claims either the briefing insufficiently demonstrates that Paparazzi has a substantial likelihood of success or the record as presently constituted contains significant gaps that impede the present ability to assess properly the likelihood of Paparazzi's success on the merits.

Under Utah law, a breach of contract claim requires "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[18] Paparazzi has demonstrated a substantial likelihood it will prevail on its breach of contract claim. The Confidentiality Agreement is a valid and binding contract between Paparazzi and Defendant Sorenson. The Confidentiality Agreement required Sorenson to keep Paparazzi's Confidential Information strictly confidential. Sorenson breached the Confidentiality Agreement when she shared Paparazzi's Confidential information by email and though the Papa Group Chat with third parties including the Former Consultant Defendants. While there are factual disputes about these breaches, Sorenson acknowledges that she obtained and disclosed Paparazzi's Confidential Information and Defendants admit that they knew of the confidentiality obligation or did not themselves receive any confidential information and therefore do not oppose the restrictions of this Order. And as a result of Sorenson's breaches and disclosures, Paparazzi has suffered

---

[18] *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶ 15, 342 P.3d 224, 230–31.

damages to its business reputation. The Confidentiality Agreement expressly entitles Paparazzi to injunctive relief to prevent Sorenson's disclosures of Paparazzi's Confidential Information.[19]

### Paparazzi Has Shown A Likelihood Of Irreparable Harm

A "showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction" and if the moving party fails to demonstrate that such injury is likely, consideration of the other elements is not required.[20] The "irreparable harm requirement is met if a [movant] demonstrates a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages.'"[21]

Paparazzi has demonstrated the likelihood that irreparable harm will occur without injunctive relief. Here, there is a need to act promptly because Paparazzi's Confidential Information has been obtained and distributed. Once distributed, confidential information is very hard to protect and recover. Further, the disclosure of Confidential Information by Defendants has caused reputational damage to Paparazzi that cannot be undone with monetary remedies. Competitors could also exploit the Defendants' disclosures of Paparazzi's proprietary Confidential Information to the detriment of Paparazzi's business. In addition to damage to Paparazzi's business reputation with its Consultants and customers, Paparazzi may also face reputational damage if it is found to have violated state privacy laws. Without a temporary restraining order protecting Paparazzi's Confidential Information, Paparazzi is likely to suffer irreparable harm that cannot easily be reduced to monetary damages. Paparazzi has demonstrated that the likelihood of irreparable harm warrants immediate and temporary relief.

---

[19] Confidentiality Agreement at 3-4.

[20] *Ophir-Spiricon, LLC*, 2011 WL 5881766 at *3.

[21] *Inception Mining, Inc. v. Danzig, Ltd.*, 312 F. Supp. 3d 1271, 1285 (D. Utah 2018) (quoting *Greater Yellowstone Coalition v. Flowers,* 321 F.3d 1250, 1258 (10th Cir.2003)).

### Paparazzi's Harm Significantly Outweighs Any Potential Harm To Defendants

"[A] court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."[22] Here, Paparazzi faces continued erosion of its business reputation with its Consultants and customers, the potential loss of business advantages if competitors use Paparazzi's proprietary Confidential Information, and the real potential that Consultants may terminate their relationships with Paparazzi. On the other side of the scale, the current record shows that Defendants face no significant potential harms, especially considering the short duration of the relief granted here. Moreover, no Defendant opposed the narrow relief granted here during the Hearing. Paparazzi's harms significantly outweigh any potential harm to Defendants and warrant the issuance of a temporary restraining order.

### Public Interests Favor Injunctive Relief

Courts have acknowledged "[t]he public has an interest in … the enforcement of lawful contractual obligations…."[23] Here, Paparazzi entered into a binding Confidentiality Agreement with Sorenson to protect its Confidential Information and its business. The public has an interest in upholding contract rights, including confidentiality agreements. The public also has a significant interest in protecting confidential business information and business reputations. This factor weighs in favor of Paparazzi receiving injunctive relief.

---

[22] *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987).

[23] *MC Oil v. Ultra Res., Inc.*, 2015 WL 5126268, * 2 (D. Utah Sept. 1, 2015) (quoting *Neways Inc. v. Mower*, 543 F.Supp.2d 1277, 1290 (D. Utah Feb. 11, 2008)).

**A Bond Is Unnecessary**

If a TRO and injunctive relief are granted, the court has discretion to require payment of a bond.[24] The court must consider whether a bond is appropriate and exercise its discretion accordingly.[25] Injunctive relief is appropriate only if "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[26] Courts may exercise their discretion to determine no bond is necessary. Here, no Defendant opposed the issuance of immediate and temporary relief. Further, the Confidentiality Agreement provides that equitable relief may be granted "without posting a bond or other security." And the current record shows no damages that Defendants will sustain if wrongly enjoined from obtaining, using, or sharing Paparazzi's Confidential Information. Therefore, no bond is required.

**TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED in part. For purposes of this order, Paparazzi's "Confidential Business Information" shall mean non-public information that relates to the actual or anticipated business or research and development of Paparazzi, Paparazzi's proprietary information, confidential distributor or Consultant lists or data, financial compilations or financial data, or other business information obtained from Sorenson. Under the terms of the Confidentiality Agreement and Federal Rule of Civil Procedure 65, Defendants and other individuals are bound by this Temporary Restraining Order.

---

[24] *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009).
[25] *Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1416, 1462 (10th Cir. 1987).
[26] *RoDa Drilling Co.*, 552 F.3d at 1215 (quoting Fed.R.Civ.P. 65(c)).

IT IS ORDERED ADJUDGED, and DECREED that (a) all Defendants who receive notice of this Order; (b) their officers, agents, servants, employees, and attorneys; and (c) other persons who are in active concert or participation with any persons described in subparagraphs (a) and (b).

1. Must not attempt to obtain any of Paparazzi's Confidential Business Information;

2. Are enjoined from sharing, either digitally or otherwise, any of Paparazzi's Confidential Business Information that Defendants have already obtained with any other person, group, or entity except with counsel in this case; and

3. Are enjoined from any discussions, by any method and with any person, regarding any of Paparazzi's Confidential Business Information except with counsel in this case.

This Order shall remain in effect until May 20, 2022 at 2:00 PM or such further time as this Court holds additional hearings in this matter. Plaintiff is responsible for serving this order on all parties and filing proof of service.

Issued: May 10, 2022    3:00 p.m.

BY THE COURT

_____
David Nuffer
United States District Judge