IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| PAPARAZZI, LLC dba PAPARAZZI ACCESSORIES, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MELISSA SORENSON, an individual, GERALDINE SOUZA, an individual, KYLEE ROBINETTE, an individual, MORGAN FERGUSON, an individual, JENNIFER DYER, an individual, JAIME ROBINSON, an individual, JENNIFER CARROL, an individual, KIMBERLY DREWRY, an individual, RENEE BURGESS, an individual, and JANE DOES I-X.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEVER<br><br>Civil No. 4:22-CV-00028-DBB-PK<br><br>District Judge David Barlow<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Counterclaim Defendants' Motion to Sever.[1] For the reasons discussed below, the Court will deny the Motion without prejudice.

---

[1] Docket no. 102, filed September 16, 2022.

1

## I. BACKGROUND

This is one of six cases pending in this District involving Paparazzi, LLC ("Paparazzi") as a party.[2] Paparazzi sought to consolidate the other cases into the *Teske* action. Through this Motion, Paparazzi and the other Counterclaim Defendants seek to sever the counterclaims against them so they may subsequently move to consolidate them into *Teske*. Recently, the Honorable David Barlow denied Paparazzi's motion to consolidate, finding, among other things, that consolidation would not promote judicial economy.[3] Instead, Judge Barlow ordered all cases reassigned to him and referred to the undersigned.[4]

## II. DISCUSSION

The Court has broad discretion to sever claims.[5] "When considering whether to sever claims, the question to be answered is whether severance 'will serve the ends of justice and further the prompt and efficient disposition of litigation.'"[6] "The factors to be considered are: the potential prejudice to the parties, the potential confusion to the jury, and the relative convenience and economy."[7]

Considering these factors, the Court will deny Counterclaim Defendants' Motion. As noted, the purpose of severance was to remove the counterclaims so they could be consolidated

---

[2] *Johnson v. Paparazzi*, LLC, 2:22-cv-00439-DBB-PK; *Gilbert v. Paparazzi*, 2:22-cv-00484-DBB-PK; *Burgess v. Paparazzi*, 2:22-cv-00538-DBB-PK; *Hollins v. Paparazzi*, 2:22-cv-00553-DBB-PK, and *Teske v. Paparazzi*, 4:22-cv-00035-DBB-PK.

[3] *Teske v. Paparazzi*, 4:22-cv-00035-DBB-PK, Docket no. 61.

[4] *Teske v. Paparazzi*, 4:22-cv-00035-DBB-PK, Docket no. 62.

[5] *Cheek v. Garrett*, No. 2:10-cv-00508-TS, 2011 WL 1085780, at *2 (D. Utah Mar. 21, 2011).

[6] *Lifetime Prods., Inc. v. Russell Brands, LLC*, No. 1:12-cv-00026-DN-EJF, 2016 WL 5482226, at *3 (D. Utah September 29, 2016) (quoting *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995)).

[7] *Id.*

with the other pending actions. However, since consolidation has now been denied, severance no longer furthers the prompt and efficient disposition of this litigation. Further, severance may harm Counterclaim Plaintiffs' ability to present their claims in a cohesive fashion. Finally, for substantially the same reasons stated by Judge Barlow in the decision denying consolidation, severance would not promote convenience or judicial economy.

### III. CONCLUSION

It is therefore ORDERED that Counterclaim Defendants' Motion to Sever (Docket No. 102) is DENIED WITHOUT PREJUDICE.

DATED this 12th day of December, 2022.

PAUL KOHLER
United States Magistrate Judge