IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| PAPARAZZI, LLC dba PAPARAZZI ACCESSORIES, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MELISSA SORENSON, an individual, GERALDINE SOUZA, an individual, KYLEE ROBINETTE, an individual, MORGAN FERGUSON, an individual, JENNIFER DYER, an individual, JAIME ROBINSON, an individual, JENNIFER CARROL, an individual, KIMBERLY DREWRY, an individual, RENEE BURGESS, an individual, and JANE DOES I-X.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING COUNTERCLAIM DEFENDANTS' MOTION TO COMPEL ARBITRATION<br><br>Civil No. 4:22-CV-00028-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on a Motion to Compel Arbitration filed by Paparazzi,

LLC ("Paparazzi") and Misty Kirby, Trent Kirby, Chantel Reeve, and Ryan Reeve (the

"Paparazzi Individuals") (collectively, the "Paparazzi Parties").[1] The Paparazzi Parties seek to

compel arbitration as to the counterclaims and third-party claims asserted by Geraldine Souza,

Jennifer Carol, and Jamie Robinson (the "Souza Parties"). For the reasons discussed below and

in the Memorandum Decision and Order Granting Defendants' Motion to Compel Arbitration in

---

[1] Docket No. 129.

1

*Teske v. Paparazzi, et al.*, 4:22-cv-00035-DN-PK, filed concurrently herewith, the Court grants the Motion.

## I. BACKGROUND

Paparazzi filed this action in April 2022.[2] Paparazzi alleged that Defendants—former "consultants" for Paparazzi—unlawfully acquired and misused Paparazzi's proprietary information.[3] Paparazzi sought and obtained injunctive relief.[4] In June 2022, the parties submitted an attorney planning meeting report, and the Court issued a scheduling order.[5]

After receiving extensions, the Souza Parties answered Paparazzi's Complaint and filed the counterclaims and third-party claims that are at issue here.[6] In those claims, the Souza Parties allege that Paparazzi's products were contaminated and that the Paparazzi Parties made false assurances about the quality and materials of its products.

The Paparazzi Parties sought and received an extension to respond to the counterclaims and third-party claims.[7] At the conclusion of a hearing held on September 9, 2022, the Court extended the Paparazzi Parties' response time until after the motion to compel filed in the *Teske*

---

[2] Docket No. 2.

[3] *Id.*

[4] Docket Nos. 3, 30, 37.

[5] Docket Nos. 44, 47. At oral argument, counsel for the Souza Parties made much of the fact that the attorney planning meeting report and scheduling order referenced a jury trial. However, the Souza Parties' counterclaims and third-party claims were not asserted until after the attorney planning meeting report was filed and scheduling order issued. *See* Docket Nos. 70, 74, 75. Thus, Paparazzi's initial scheduling efforts do not provide evidence of waiver as to the yet-to-be filed counterclaims and third-party claims.

[6] Docket Nos. 70, 74, 75.

[7] Docket Nos. 88, 95.

case was resolved.[8] Thereafter, the Paparazzi Parties sought to sever the counterclaims and third-party claims so that they could be joined with the other cases for which the Paparazzi Parties sought consolidation.[9] Ultimately, the requests for severance and consolidation were denied.[10]

The Court then conducted a scheduling conference on January 18, 2023, during which the Paparazzi Parties explained that they intended to file a motion to dismiss or to compel arbitration.[11]  The Court set a briefing schedule for the forthcoming motion.[12] The Motion to Compel Arbitration is now fully briefed, and the Court held argument on March 28, 2023.

## II. DISCUSSION

The bulk of the parties' argument are addressed in the Memorandum Decision and Order Granting Defendants' Motion to Compel Arbitration in *Teske v. Paparazzi, et al*., 4:22-cv-00035-DN-PK. The Court fully incorporates that decision herein and will not repeat the arguments addressed in that order. Instead, this Order focuses on those arguments unique to the Souza Parties.

As stated, the Souza Parties are former consultants for Paparazzi. Prior to becoming consultants, the Souza Parties agreed to an Independent Consulting Agreement. The Independent Consulting Agreement contains an arbitration clause requiring the parties to mediate any dispute arising from or related to the Independent Consulting Agreement and, if unsuccessful, submit to arbitration. The Paparazzi Parties seek enforcement of that provision.

---

[8] Docket No. 95.

[9] Docket No. 102.

[10] Docket No. 122.

[11] Docket No. 126.

[12] Docket No. 125.

A.    WAIVER[13]

The Souza Parties argue that by bringing this action against them in the first instance, the Paparazzi Parties have waived the right to compel arbitration as to the Souza Parties' counterclaims and third-party claims.

"It is axiomatic that 'the right to arbitration, like any other contract right, can be waived.'"[14] The Tenth Circuit considers the following factors to determine whether a party has waived the right to arbitrate:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.[15]

---

[13] The Souza Parties' waiver argument was premised on Utah law. However, as this Court has recognized, "federal courts have consistently held that federal law is used to determine whether the right to arbitrate has been waived." *Kathan v. Autovest, LLC*, No. 2:19-cv-00486-TC, 2019 WL 4757870, at *1 (D. Utah Sept. 30, 2019).

[14] *In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, 790 F.3d 1112, 1115 (10th Cir. 2015) (quoting *Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo.*, 614 F.2d 698, 702 (10th Cir. 1980)).

[15] *Id.* at 1116 (quoting *Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464, 467–68 (10th Cir. 1988)). A showing of prejudice is no longer required in light of the Supreme Court's recent decision in *Morgan v. Sundance, Inc.*, ---U.S.---, 142 S. Ct. 1708 (2022).

"A party asserting a waiver of arbitration has a heavy burden of proof."[16] "[I]n assessing whether that burden has been met, we give substantial weight to the 'strong federal policy encouraging the expeditious and inexpensive resolution of disputes through arbitration.'"[17]

For substantially the same reasons stated in the Memorandum Decision and Order Granting Defendants' Motion to Compel Arbitration in *Teske v. Paparazzi, et al*., 4:22-cv-00035-DN-PK, the Court finds that the Paparazzi Parties' efforts to sever, consolidate, and participate in scheduling do not demonstrate waiver. The Souza Parties make the additional argument that the Paparazzi Parties waived their right to compel arbitration by bringing this action against them in the first place and obtaining injunctive relief. Unlike the Teske Plaintiffs, who brought suit against the Paparazzi Parties in the first instance, the Souza Parties were named as Defendants in this suit brought by the Paparazzi Parties, and the Motion to Compel arbitration arose once the Souza Parties asserted counterclaims and third-party claims against the Paparazzi Parties. While this presents a closer question than that presented in *Teske*, the Court finds that the Paparazzi Parties' actions in bringing this suit do not compel a finding of waiver.

First, the mere fact that Paparazzi brought suit does not evince an intent to waive the right to compel arbitration.[18] The Paparazzi Parties initially brought suit requesting injunctive relief to protect their intellectual property. The arbitration provision specifically carved out the ability for

---

[16] *Peterson*, 849 F.2d at 466.

[17] *Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 775 (10th Cir. 2010) (quoting *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1488 (10th Cir. 1994)).

[18] *Harris Rsch., Inc. v. Greenway Assocs., Inc.* No. 1:16-cv-114 CW, 2017 WL 11461794, at *2 (D. Utah Jan. 27, 2017); *In re Ballard Shipping Co.*, 752 F. Supp. 546, 549 (D.R.I. 1990) ("In most cases a plaintiff's mere filing of a complaint does not constitute waiver. However, a party's initiation of a suit is certainly a relevant factor in analyzing whether it has waived its right to compel arbitration.").

Paparazzi to seek this type of injunctive relief. Thus, filing an action allowed by the terms of the arbitration provision is not inconsistent with the right to arbitrate. Further, the Paparazzi Parties brought their other claims—legal claims not covered by the litigation carve-out—to avoid the argument that they have waived those complaints. Little movement has been made on those legal claims. The only substantive action taken is the serving of Paparazzi's initial disclosures, which was done pursuant to Court order. Thus, the fact that Paparazzi initiated this action does not demonstrate waiver. As for the inclusion of the legal claims not covered by the litigation carve-out, the Paparazzi Parties state that they will voluntarily dismiss those legal claims and pursue them in arbitration.[19] However, the Court finds it appropriate to compel the Paparazzi Parties to arbitrate those claims.[20] The Paparazzi Parties cannot avoid the terms of the arbitration provision any more than the Souza Parties.[21]

Further, by filing suit the Paparazzi Parties did not waive their right to compel arbitration of the claims contained in the Souza Parties' Counterclaim and Third-Party Complaint because those claims "inject[ed] new, separate, and distinct issues into the litigation not raised by Plaintiff."[22] In similar circumstances, courts have found no waiver where the party seeking to compel arbitration was doing so on claims that were separate and distinct from the original

---

[19] Docket No. 137, at 3 n.4.

[20] This includes the Paparazzi Parties' claims against Morgan Ferguson even though she has not participated in the briefing on this Motion.

[21] "After all, in the law, what is sauce for the goose is normally sauce for the gander." *Heffernan v. City of Patterson*, 578 U.S. 266, 272 (2016).

[22] *Allianz Life Ins. Co. of N. Am. v. Richards*, No. 05-CV-0256 JCH/RLP, 2006 WL 8443844, at *3 (D.N.M. Sept. 14, 2006).

claims in the action.[23] Indeed, "courts have only found waiver where the legal and factual issues in the original claims and the counterclaims are the same."[24]

The initial Complaint concerned the Paparazzi Parties' efforts to protect its intellectual property. The Souza Parties' Counterclaim and Third-Party Complaint injected new issues concerning the make-up of Paparazzi's products and the representations made by the Paparazzi Parties about those products. Because these claims are distinct from the claims originally brought, the Court does not find that the Paparazzi Parties have waived their right to arbitrate the counterclaims.

## B.    UNCONSCIONABILITY

The Souza Parties unconscionability arguments are the same as those addressed in the Memorandum Decision and Order Granting Defendants' Motion to Compel Arbitration in *Teske v. Paparazzi, et al.*, 4:22-cv-00035-DN-PK and need not be further discussed here.

## C.    PAPARAZZI INDIVIDUALS

The final argument raised by the Souza Parties is that the arbitration provision does not cover their claims against the Paparazzi Individuals. This argument fails under the plain language of the Independent Consulting Agreement. Under the arbitration provision of the Independent Consulting Agreement, the Souza Parties agreed "not to file suit against Paparazzi, any of its

---

[23] *Id.*; *Com. Union Ins. Co. v. Gilbane Bldg. Co.*, 992 F.2d 386, 389–90 (1st Cir. 1993) (finding no waiver where plaintiff sought to compel arbitration of defendant's counterclaim that was separate and distinct from the claims in the complaint).

[24] *Konica Minolta Bus. Sols., U.S.A., Inc. v. Allied Office Prods., Inc.*, No. 2:06-cv-71, 2006 WL 3827461, at *12 (S.D. Ohio Dec. 27, 2006); *see also Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 13 F. Supp. 2d 420, 427 (S.D.N.Y. 1998) (stating that "a plaintiff asserting an arbitrable claim in federal court waives his right to demand arbitration of an adversary's counterclaims only if the parties' claims present the same legal and factual issues") (internal quotation marks and citation omitted).

affiliates, subsidiaries, officers, directors, or employees for any claim or grievance the Consultant may have arising from the status as an Independent Consultant of Paparazzi."[25] Here, the Paparazzi individuals are either "officers, directors, or employees" and are thus covered by the arbitration provision.

Further, even though the Paparazzi Individuals are not signatories to the Independent Consulting Agreement, they still may compel arbitration if they "otherwise possess the right" of arbitration.[26] The Utah Supreme Court has recognized that "under certain circumstances, a nonsignatory to an arbitration agreement can enforce or be bound by an agreement between other parties."[27] There are traditionally six recognized theories for how a nonsignatory may "otherwise possess" the right to enforce others to uphold an arbitration agreement: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; (5) estoppel; and (6) third-party beneficiary.[28] The Paparazzi Individuals argue that agency, estoppel, and third-party beneficiary theories apply here.

Under agency theory, agents "assume the protection of the contract which the principal has signed," and they may "compel arbitration of claims made against [them] by a signatory to the agreement."[29] In other words, one-way protection of agents through arbitration may be enforced after they are shown to be agents of a signatory. The Souza Parties' Third-Party

---

[25] Independent Consulting Agreement § 10.3.

[26] *Cade v. Zions First Nat'l Bank*, 956 P.2d 1073, 1077 (Utah Ct. App. 1998) (internal quotation marks and citation omitted).

[27] *Ellsworth v. Am. Arb. Ass'n*, 2006 UT 77, ¶ 19, 148 P.3d 983.

[28] *Id.* ¶ 19 n.11; *see also Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009); *Inception Mining, Inc. v. Danzig, Ltd.*, 311 F. Supp. 3d 1265, 1274 (D. Utah 2018).

[29] *Inception Mining, Inc.*, 311 F. Supp. 3d at 1274–75 (internal quotation marks and citation omitted).

Complaint alleges that the Paparazzi Individuals are agents of Paparazzi.[30] Thus, under agency theory, the Paparazzi Individuals have the right to compel arbitration.

The doctrine of estoppel prohibits signatories from "seek[ing] to enforce . . . contractual rights and avoid the contract's requirement that 'any dispute arising out of' the contract be arbitrated."[31] Put differently, estoppel precludes a signatory from having it both ways, by seeking on one hand "to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory."[32] The Utah Supreme Court has recognized this variety of nonsignatory estoppel.[33]

Under this variety of estoppel, nonsignatories may compel arbitration in two circumstances: "The first is when the signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory. The second is when the signatory alleges substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."[34]

---

[30] Docket No. 74, ¶¶ 5–8.

[31] *Bellman v. i3Carbon, LLC*, 563 F. App'x 608, 615–16 (10th Cir. 2014) (quoting *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000)).

[32] *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 449 F. App'x 704, 708 (10th Cir. 2011) (quoting *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 528 (5th Cir. 2000)).

[33] *Ellsworth*, 2006 UT 77, ¶ 20 n.12 ("Another variety of nonsignatory estoppel is that enforced by a nonsignatory when the signatory plaintiff sues a nonsignatory defendant on the contract but seeks to avoid the contract-mandated arbitration by relying on the fact that the defendant is a nonsignatory.").

[34] *Lenox MacLaren Surgical Corp.*, 449 F. App'x at 708 (10th Cir. 2011) (internal quotation marks and citations omitted).

Here, the Souza Parties are estopped from precluding the Paparazzi Individuals from exercising arbitration rights. The Souza Parties' claims are based on their relationship with Paparazzi, which is in turn based on the Independent Consulting Agreement. The Souza Parties' claims are, thus, substantially interdependent on the alleged conduct of Paparazzi (a signatory) and the Paparazzi Individuals (nonsignatories). As such, the Paparazzi Individuals may seek to compel arbitration under estoppel theory.

Unlike estoppel, which looks at the parties' conduct after the arbitration agreement was completed and signed, third-party beneficiary theory looks to the intentions of the parties at the time the contract was executed.[35] If, at the time of contracting, the intent to make someone a third-party beneficiary is "clearly written or evidenced in the contract," then the presumption that the parties were only contracting for themselves is overcome and the named third-party beneficiaries receive the protections and obligations of arbitration.[36]

Here, the Paparazzi Individuals qualify as third-party beneficiaries. As stated, the arbitration provision states that the Souza Parties agree "not to file suit against Paparazzi, any of its affiliates, subsidiaries, officers, directors, or employees for any claim or grievance the Consultant may have arising from the status as an Independent Consultant of Paparazzi."[37] The Paparazzi Individuals are "officers, directors, or employees," and thus the Paparazzi Individuals are "clearly written or evidenced in the contract."

---

[35] *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 345 F.3d 347, 362 (5th Cir. 2003).

[36] *Id.* (internal quotation marks and citation omitted)*; see also Bybee v. Abdulla*, 2008 UT 35, ¶ 36, 189 P.3d 40 (quoting *Rio Algom Corp. v. Jimco, Ltd.*, 618 P.2d 497, 506 (Utah 1980)) (A third party may claim a contract benefit only if the parties to the contract clearly express an intention "to confer a separate and distinct benefit" on the third party.)

[37] Independent Consulting Agreement § 10.3.

D.      STAY

With the majority of the claims at issue being subject to arbitration, the question becomes how best to proceed. "When there are some claims subject to arbitration, and some claims that are not subject to arbitration the 'decision [regarding whether the entire case should be stayed pending the outcome of arbitration] is one left to the district court . . . as a matter of its discretion to control its docket.'"[38] "Stay of the entire proceeding is appropriate when resolution of the arbitrable claim will have a preclusive effect on the nonarbitrable claim or when 'the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit.'"[39]

Here, the arbitrable claims predominate this action and the only nonarbitrable claims— those relating to injunctive relief—have been resolved. Based on this, the Court finds that a stay of this entire action is appropriate to allow the parties to arbitrate their claims.

### III. CONCLUSION

It is therefore ORDERED that Counterclaim Defendants' Motion to Compel Arbitration (Docket No. 129) is GRANTED. This case is STAYED pending completion of arbitration. The Clerk of Court is directed to administratively close this case. The case may be reopened upon motion by any party after the completion of arbitration.

DATED this 3rd day of April, 2023.

PAUL KOHLER
United States Magistrate Judge

---

[38] *Simmons v. Morgan Stanley Smith Barney, LLC*, 872 F. Supp. 2d 1002, 1021 (S.D. Cal. 2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 n. 23 (1983)).

[39] *Chelsea Family Pharmacy, PLLC v. Medco Health Sols., Inc.*, 567 F.3d 1191, 1200 (10th Cir. 2011) (quoting *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998)).