THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PAPARAZZI, LLC dba PAPARAZZI ACCESSORIES, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MELISSA SORENSON, an individual, GERALDINE SOUZA, an individual, KYLEE ROBINETTE, an individual, MORGAN FERGUSON, an individual, JENNIFER DYER, an individual, JAIME ROBINSON, an individual, JENNIFER CARROL, an individual, KIMBERLY DREWRY, an individual, RENEE BURGESS, an individual, and JANE DOES I-X.,<br><br>Defendants. | **CONSENT DECREE AGAINST MELISSA SORENSON, KYLEE ROBINETTE, AND JENNIFER DYER**<br><br>Civil No. 4:22-CV-00028-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Based on the Stipulated Motion for Entry of Consent Decree Against Melissa Sorenson, Kylee Robinette, and Jennifer Dyer ("Stipulation")[1] filed by Plaintiff Paparazzi, LLC ("Paparazzi") and defendants Melissa Sorenson ("Sorenson"), Kylee Robinette ("Robinette"), and Jennifer Dyer ("Dyer"), and for good cause appearing therefor, the Stipulation is GRANTED.

IT IS HEREBY ORDERED:

---

[1] Docket no. 123, filed December 13, 2022.

1. The findings and conclusions in the Memorandum Decision and Order Extending Temporary Restraining Order as Preliminary Injunction[2] entered on May 20, 2022 are hereby incorporated herein.

2. Based on the parties' Stipulation, a PERMANENT INJUNCTION is entered as follows:

   a. <u>Definition of Confidential Business Information</u>.  For the purposes of this Consent Decree, Paparazzi's "Confidential Business Information" shall mean non-public information that relates to the actual or anticipated business or research and development of Paparazzi, Paparazzi's proprietary information, confidential distributor or Consultant lists or data, financial compilations or financial data, or other business information obtained by Dyer or Robinette from Sorenson. Confidential Business Information shall not be interpreted to include information about sales, products, or distributors that Defendants received from public sources or from Paparazzi as part of their distributorships.  Confidential Business Information shall also not include any information that has become available in the public through no fault of these defendants or information shared with defendants from any source other than Sorenson, Robinette or Dyer after the entry of this Consent Decree.

   b. <u>Use or Disclosure of Confidential Business Information</u>.  It is hereby ordered that Sorenson, Robinette and Dyer shall not (1) attempt to obtain any of Paparazzi's Confidential Business Information; (2) share, either digitally or otherwise, any of Paparazzi's Confidential Business Information with any other person, group or entity; nor (3) discuss, by any method with any person, regarding any of Paparazzi's Confidential Business Information.

   c. <u>Destruction of Confidential Business Information</u>.  Sorenson, Robinette, and Dyer covenant to remove, delete, and/or destroy all Confidential Business Information (or copies thereof) in their possession, custody, or control. These defendants further agree to warrant and/or guarantee that they have destroyed the Confidential Information in their possession, custody, or control.  This shall be accomplished no later than two weeks of the day this Consent Decree is entered.

   d. <u>Production</u>.  Sorenson, Robinette and Dyers agree to cooperate with discovery in the Lawsuit by timely responding to any lawful subpoena issued by this Court for the production of documents or to appear as a witness in their home state. The Defendants also agree, as part of this settlement, to produce to Paparazzi within 30

---

[2] Docket no. 37, filed May 20, 2022.

  days of the date of this Consent Decree, and without the need for subpoena, the following categories of documents in their possession and/or control: (1) Communications (including emails, letters, text messages, social media messages, etc.) by, between, and among Defendants or any other defendants named in the Lawsuit that relate in any way to "Crack the Crown", "United We Break the Chains", any other anti-Paparazzi movement or group, negative comments or statements about Paparazzi business or products, or communications relating to any information or data provided by Sorensen in furtherance of any anti-Paparazzi movement or group; (2) All Communications and Documents relating to the "Crack the Crown" movement, the "United We Break the Chains" movement, or any other anti-Paparazzi movement or group; and (3) All copies of any reports, and any related communications, to or from the University of Utah or any other third-party, relating to the allegations of toxicity in Paparazzi products.

e. <u>Mutual Non-Disparagement</u>. Neither Paparazzi nor Sorenson, Robinette nor Dyer will make any statements, written, oral or in any other manner, including on any social media platform including but not limited to Facebook, Instagram, YouTube, Twitter, TikTok, Pinterest, Snapchat, Clubhouse, Google Reviews, or Yelp, or cause or encourage others to make such statements, that are negative, critical or adverse to the business, or business reputation of, or that disparage the personal and/or business reputation, products, practices or conduct of any other Party, including any Party's agents, employees, founders, officers, independent contractors, representatives, or consultants. This paragraph shall not apply to any statements made in litigation or regulatory proceedings, including, but not limited to an EEOC proceeding brought by Sorenson.

f. In the event of a breach of any of the provisions of paragraphs 2(a), (b), (c), (d) or (e), then the breaching party will owe $10,000 in liquidated damages to the party adversely affected by the breach. In the event that Paparazzi, reasonably believes that there has been a breach of paragraphs 2(a), (b), (c), (d) or (e), or Robinette, Sorenson, or Dyer reasonably believes that there has been a breach of paragraph 2(e), that party may, upon motion with notice served via email and to attorneys of record in this action, with 14 days to respond by the breaching party, seek to enforce the terms of this paragraph, including the liquidated damages provision. If such a motion is filed, the Court may conduct an evidentiary hearing if it deems appropriate. The parties agree that if the Court conducts an evidentiary hearing, any witness that is out of the State of Utah at the time the Court conducts an evidentiary hearing may appear via telephonic or videographic means. The prevailing party in such a motion, whether a hearing is held or not, will be entitled to her or its attorney fees incurred.

3. The parties hereto shall bear their own respective costs, expenses, and attorney fees incurred in connection with the claims and disputes that are the subject of this stipulation

and in connection with the negotiation, preparation, execution, and performance of this stipulation.  Provided, however, that the prevailing party in any dispute arising out of or relating to this Consent Decree shall be entitled to recover its costs and reasonable attorney fees, in addition to any other remedies that may be available in law or equity.

4. Although the parties have only provided a portion of the Settlement Agreement between them in the Stipulation, the Court shall maintain jurisdiction over the parties to enforce all the provisions of the Settlement Agreement, including those terms that have not heretofore been provided to the Court.

5. The Court hereby retains jurisdiction over all parties, to enforce the terms of this Consent Decree.

DATED this 22nd day of March, 2024.

_____
David Nuffer
United States District Judge